**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEISHA JONES | : |
| Plaintiff, | : |
| - against - | : Case No.  11CV9136(CM)(KNF) |
| | : |
| EQUIFAX, INC. | : **AMENDED COMPLAINT** |
| EXPERIAN INFORMATION SOLUTIONS, INC. | : |
| TRANS UNION, LLC | : **JURY DEMAND** |
| BILATERAL CREDIT CORP, LLC | : |
| HAHNEMANN UNIVERSITY HOSPITAL | : |
| CENTRAL FINANCIAL CONTROL | : |
| COMCAST CABLE | : |
| Defendants. | : |

**PRELIMINARY STATEMENT**

I, Keisha Jones, am a life long New York State resident and Pro Se Plaintiff. Prior to becoming a victim of identity theft, I proactively managed my credit by maintaining credit scores above 720, reviewing my credit reports routinely for accuracy and adding consumer statements when necessary. I *permanently* opted out of promotional offers in writing and by phone (888-5OPTOUT) as well.

On or about January 31, 2005, I confirmed that my identity was stolen and being used primarily in Pennsylvania.  I was advised by Pennsylvania police that I could not file a police report because I did not live in the state. I immediately filed reports with the NYPD and FTC, placed fraud alerts (90 days), extended fraud alerts (7 years) and free, permanent security freezes on my credit reports.  I have *never* used the security freeze PIN for any reason.

1

## PARTIES

1.   Plaintiff Keisha Jones, acting Pro Se for her Complaint against the Defendants, is a life long New York resident. Plaintiff is not an attorney.

2.   Equifax is a credit reporting agency and publicly traded company listed on the New York Stock Exchange, headquartered in Georgia. Its website states, "Equifax empowers businesses and consumers with information they can trust. With a strong heritage of innovation and leadership, we leverage our unique data, advanced analytics and proprietary technology to enrich the performance of businesses and the lives of consumers." (Sourced 12/9/2011 www.equifax.com/about_equifax)

3.   Upon information and belief, Defendant Experian, also known as Experian Americas, is the California based arm of global credit reporting agency Experian PLC.

4.   Upon information and belief, Defendant TransUnion is a private corporation and credit reporting agency headquartered in Chicago, IL.

5.   Upon information and belief, Defendant Bilateral Credit Corp, LLC is a debt collector and foreign Limited Liability Corporation in New York County.

6.   Upon information and belief, Defendant Hahnemann University Hospital's website states "Located in the heart of Philadelphia, Hahnemann University Hospital is a tertiary care institution with a large percentage of beds dedicated to intensive care."

7.   Upon information and belief, Defendant Central Financial Control is a questionable debt collector in Anaheim, CA, engaged by Defendant Hahnemann University Hospital to pursue collection of fraudulent debts.

8.   Upon information and belief, Defendant Comcast is a cable TV and internet service provider headquartered in Philadelphia, Pennsylvania.

2

## FACTUAL ALLEGATIONS

9. The Defendants have violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. §
1681, Fair Debt Collection Practices Act (FDCPA) and applicable New York laws, including but
not limited to, willful non-compliance, negligent enablement of identity fraud, invasion of
privacy, deceptive practices, breach of contract and breach of fiduciary duty.

10. After experiencing identity theft at every level – medical, employment, criminal
(Pennsylvania DMV, tax fraud via H&R Block, bank fraud via Pennsylvania based Commerce
Bank, presently TD Bank) and financial (utilities, phones, bogus addresses and aliases) –
obtaining and maintaining accurate and updated credit reports from Defendants Equifax,
Experian and Trans Union has been *impossible* since 2005, despite my ongoing efforts to dispute
fraud directly with creditors/debt collectors and the credit bureaus, *simultaneously*. The criminal
activities have and continue to be pervasive in Pennsylvania. The Defendants are intentionally
breaking the law because the vast majority of consumers do not have the wherewithal, time or
emotional strength to challenge them. Neither do I, but I will push through the pain and anguish
for resolve.

11. Defendants (furnisher(s)/debt collector(s)) refuse to permanently remove and close
fraudulent accounts that have been sold and resold, further perpetuating questionable and
unlawful inquiries and irrevocable dissemination of my personal information.

12. Emotional distress – depression, nervousness, loss of appetite/weight, insomnia,
anxiety, fear and worry – have been caused by the defendants' willful non-compliance and
deceptive practices, among other things.

## DEFENDANT BILATERAL

3

13. Upon information and belief, Bilateral is either falsifying old account information to make it appear as a recent delinquency or reporting a fraudulent account opened in 2010. I *never* used the security freeze PIN with any of the credit bureaus; therefore, it should have been impossible to establish a new account in 2010.

## DEFENDANT HAHNEMANN UNIVERSITY HOSPITAL

14. Hahnemann University Hospital has engaged questionable debt collector Central Financial Control to collect on fraudulent debts (Experian credit report partial account numbers 545452472 and 617101704).

15. The credit bureaus and defendants are knowingly reporting fraud despite mismatched personal information and disputes.

16. In my conversations with Keith Kalbach, Director of Patient Services (revenue integrity), medical records and the inquiry resolutions services department, I made it known that identity theft had occurred (Experian credit report partial account numbers 545452472 and 617101704) and that my personal information does not match the hospital's records. My letter reiterated the same.

17. . The identity thief is using my name and SSN with a different DOB and address(es) in Philadelphia, PA. Moreover, it has been my experience that some private doctors, clinics and hospitals request photo ID. The hospital may have a photo of the identity thief. I received photo documents from the Pennsylvania DMV (via NYPD) and former Pennsylvania based Commerce Bank (now TD Bank) and discovered that there was more than one person using my name and SSN. I am not certain how HIPAA would impact my right to obtain the fraudulent documents I am entitled to as a victim of identity theft, but if this case moves forward to discovery, I will request photo and paper documents, not lab tests or medical information.

4

## DEFENDANT CENTRAL FINANCIAL CONTROL

18. Central Financial Control does not maintain accurate, updated contact information with the credit bureaus or legitimate business directories. Regular mail was returned "not deliverable" 12/2/2011 when I wrote to Central Financial Control's address on my Experian credit report to dispute partial account numbers 545452472 and 617101704.

## DEFENDANT EQUIFAX

19. I have *never* used the security freeze PIN for any reason.

20. Equifax intentionally ignored my request to add my 100 word consumer statement. The consumer statement submitted to all 3 CRAs when my identity was stolen was added by Trans Union only: "*As a direct result of companies failing to follow through properly with regard to "fraud alerts", please be advised that you are to confirm all credit requests in writing to me at PO Box 634 Bronx, NY 10451. Under no circumstances will I confirm or discuss my application for credit by phone.*"

21. For several years, my attempts to mitigate fraud were circumvented when my credit reports were disseminated to questionable and unauthorized third parties without my explicit consumer statement.

22. In October 2011 I followed the FTC's instructions to request all 3 of my free FACTA credit reports by calling 877-322-8228. Equifax denied my request in a letter dated 10/2/2011 that stated in part, "...we cannot process your request without your 10-digit personal identification number (PIN)". The letter went on to say I can purchase my credit score for a fee.

23. In November 2011 I followed the FTC's instructions to request all 3 of my free FACTA credit reports again by calling 877-322-8228. Equifax denied my request again in a letter dated 11/11/2011.

5

24. When I went online 11/18/2011 via FTC.gov, Equifax denied my request again. Equifax's online response noted that a report was mailed 1/31/2011 as the reason, complete with an option to "Purchase Equifax Products" at the bottom of the page. This is contrary to the reason for denying my previous requests. I do not know what address Equifax supposedly mailed the report to because Equifax has changed the address on my credit file without my knowledge or proper documentation.

25. After more than 30 days and numerous attempts to obtain my FACTA credit report, I mailed a stern letter to Equifax in November 2011 specifically stating that I believe my report has been accessed illegally, I demanded my report and an *explanation*.

26. Without explanation, I received my Equifax report in the mail dated 11/29/2011 (confirmation #1333010648). I called to dispute fraud and inaccuracies.

27. Upon information and belief, CRAs are matching or verifying my identifying information (name, DOB and/or SSN) with third parties such as utility and/or cable TV companies, a service it provides to clients. Companies contract with CRAs to verify that a person is "real" based on any combination of a person's name, DOB and/or SSN. This is how the CRAs circumvent the law, while still collecting a fee.

28. Upon information and belief, Equifax is disclosing my information to unauthorized third parties. On 12/20/2011 I spent over one hour on the phone with Equifax reps, to dispute information and ask questions starting with a suspicious 3/7/2011 inquiry by "Windham Professionals Inc.". There was no contact information whatsoever to dispute the inquiry. "Christina" in Equifax's fraud department said it is required by law for creditor/debt collector contact information to be listed on consumer credit reports, she did not know why the contact information was not listed and she did not know the permissible purpose for the inquiry when

6

questioned. I was given Equifax's business department (800-685-5000) to obtain answers, to no avail.

29. During the same call on 12/20/2011 I asked for and was transferred to a supervisor. I hung up after being on hold for 45 minutes and called Equifax back. In an effort to maintain my composure and not scream at another Equifax rep, I requested to speak to a supervisor again. I was given the *Office of Consumer Affairs at Equifax* (800-203-7843). By doing so, I learned that I can speak to a supervisor that is unscripted, in the United States that can understand and speak English clearly.

30. Equifax does not investigate fraud or disputes. I received an Equifax letter dated 1/16/2012 that stated in part, "We are writing to notify you about and to confirm a new current address that was posted to your Equifax credit file within the past 30 days." The "new current address" in the letter is my current mailing address (PO Box 634 Bronx, NY 10451) which has been the same for years. The letter goes on to say, "The address that was previously reporting as your current address is: 1092 Longfellow Avenue Bronx, NY 10459", which is a fraudulent address that I disputed previously. It took Equifax several weeks to send this erroneous letter in response to disputed fraud. Equifax does not investigate fraud or disputes.

31. Equifax engages in deceptive practices to scam consumers into paying for superfluous products/services. I called Equifax again on 1/27/2012, angry and stressed, regarding the fraudulent address at 1092 Longfellow Avenue Bronx, NY 10459. Equifax fraud department rep "Penny" on "Team Gold" stated that she will *block* the previously disputed address at 1092 Longfellow Avenue Bronx, NY 10459, but she cannot guarantee that it will not reappear *unless* I purchase "Credit Report Control" at $2 per month or $20 per year (30 minute call; confirmation #2027033556). "Penny" on "Team Gold" went on to say that by purchasing "Credit Report

7

Control", creditors/debt collectors cannot pull my Equifax report, submit or change *any* information until or unless I "unlock" my credit report. I am the only person that can change the address. I confirmed my understanding of "Credit Report Control", at least twice, before ending the call by repeating how it works in my own words. Equifax is likely to respond to this by saying it was a mistake or misunderstanding. "Penny" on "Team Gold" was more than confident about her response when questioned repeatedly about my ability to control *all* information in my Equifax credit file if I purchase "Credit Report Control". There was no mistaking what she said or my understanding of the ill conceived idea that I need to purchase "Credit Report Control", hence the product name. I believe Equifax is violating federal and state laws.

32. Information provided by Equifax clients or alleged debt collectors/creditors is not verified. The Capital Management Svces Inc. inquiry dated 4/14/2011 reported its address on Niagara St. in Buffalo, NY. I wrote to the street address and the *mail was returned 12/27/2011*. When I called in January 2012, the receptionist stated the company relocated "more than a year ago" from Niagara Street in Buffalo, NY to 726 Exchange Street Suite 700 Buffalo, NY 14210, which means Capital Management Svces Inc. moved in 2010, and reported the wrong address on my Equifax credit report when the suspicious inquiry was made 4/14/2011. I believe the inquiry was unlawful.

33. It angers me when I am forced to deal with CRAs that do not have evening or weekend hours, given the time it takes to get straight answers. Phone calls can be between 5-90 minutes long. *Non-paying, distressed consumers can only call Equifax Monday-Friday 9a-5p*. However, live, prompt help is available at convenient hours to those spooked into paying for questionable products/services. To add insult to injury, the hours to "order by phone" are

Monday-Saturday 8am-7pm at 866-547-2695 (verified 2/11/2012 at 6:57pm). Equifax engages in deceptive practices.

34. Inaccurate contact information has been added with an arbitrary "expiration date".

35. My personal information was not truncated as requested in writing.

36. The stress, anxiety, sleeplessness and anger continue to mount, as a previously disputed Pennsylvania address is on my credit report dated 1/31/2012.

37. On 2/9/2011 I called the number on the credit report (877-528-6481) and after two transfers (initial rep answered then I was transferred to Ms. Sanders in the Office of Consumer Affairs), I left a message for Latonya Munsen in the legal department regarding the fraud specifically.

38. I received a letter dated February 20, 2012, similar to the letter dated 1/16/2012, regarding another fraudulent address change. It also states that Equifax has placed a security freeze on my credit file, as though the freeze was placed recently.

39. Upon information and belief, Equifax knowingly sent change of address correspondence and credit reports to unauthorized parties and identity thieves at least twice (1/16/2012 and 2/20/2012).

40. Upon information and belief, Equifax has not consistently maintained my permanent security freeze. It was deleted and re-added over the years without my knowledge.

## DEFENDANT TRANS UNION

41. I have *never* used the security freeze PIN for any reason.

42. Trans Union failed to identify companies conducting so called reviews or inquiries. When I called on 11/25/2011 (800-680-7289) re: "FIA CSNA" Trans Union did not provide any information to dispute the inquiry.

9

43. Additionally, I was told I could not dispute Trans Union inquiries.

44. Notwithstanding, I took matters into my own hands and questioned another inquiry by Leading Edge Recovery Solutions LLC (LRS), regarding its permissible purpose for its "regular inquiry" on my Trans Union credit report. LRS removed the inquiry without explanation or confirmation that it was authorized to inquire in the first place, by contacting Erin Feeney-French at Trans Union (Tel: 610-546-4762). I contacted LRS for the third and final time in January 2012 regarding its permissible purpose. Removal without explanation was not acceptable to me. I obtained the contact information for the "owner" of the debt to question its permissible purpose to learn that I should not have been contacted. The accounts were closed by the servicer (LRS) and the owner of the debt after stern correspondence and conversations with both. It is noteworthy to say that I did not provide my SSN or DOB which confirms it is not required given the proliferation of data mining and sale of personal information online and off.

45. Upon information and belief, Trans Union is matching or verifying my identifying information (name, DOB and/or SSN) with third parties such as utility companies (i.e. disputed/deleted fraudulent Philadelphia Gas Works account #95419069). Companies contract with CRAs to verify that a person is "real" based on any combination of a person's name, DOB and/or SSN. This is how the CRAs circumvent the law, while still collecting a fee.

46. In October 2011 I followed the FTC's instructions to request all 3 of my free FACTA credit reports by calling 877-322-8228. Trans Union denied my request 10/5/2011. A few weeks after my initial request, I received my Trans Union report dated 11/11/2011.

47. I *permanently* opted out of promotional offers in writing and by phone (888-5OPTOUT). Trans Union has inserted an opt out expiration date when there should be none.

10

48. Trans Union has inserted arbitrary phone numbers on my reports. Each time I dispute a phone number, a different phone number is added. I do not know who reported the various phone numbers. Trans Union does not investigate disputes or fraud.

49. Trans Union stated that it will remove fraudulent Hanhemann University Hospital/Central Financial Control partial account number 545452472, in response to my dispute in November 2011. It was not removed as of 12/28/2011.

50. Upon information and belief, Trans Union has not consistently maintained my permanent security freeze. It was deleted and re-added over the years without my knowledge.

## DEFENDANT EXPERIAN

51. I have *never* used the security freeze PIN for any reason.

52. Experian does not investigate disputes or fraud.

53. On 11/18/2011 I called Experian to dispute fraud on my report dated 11/10/2011 and was told I cannot dispute fraudulent addresses because it was reported by a creditor. During my 25 minute conversation with Experian, the rep insisted that I needed to file and submit a police report each time I disputed fraud or submit one annually. I don't recall such a requirement when I researched the FCRA. I filed a complaint with the FTC the same day.

54. Experian did not include a phone number to the fraud department on my report dated 11/10/2011. However, Experian was sure to include a phone number (888-322-5583) to order a credit score, "VantageScore", for a fee. Experian engages in deceptive practices.

55. Experian lacks internal controls to authenticate its clients. On 12/9/2011 I was unsuccessful when I attempted to speak to supervisor "Karen" on the "Majestic Team" in the fraud or "Special Services" department, to complain about Experian rep "Randall's" instructions to just "google" Central Financial Control's address. After being ill advised, transferred, on hold

11

and screaming at two Experian reps, I hung up after 30 minutes, without speaking to supervisor "Karen" on the "Majestic Team".

56. Experian has intentionally ignored requests to add my 100 word consumer statement. Instead, it maintains an inaccurate, incoherent, statement of its own.

57. Experian did not add my statement when my identity was stolen. The consumer statement submitted to all 3 CRAs when my identity was stolen was added by Trans Union only: *"As a direct result of companies failing to follow through properly with regard to "fraud alerts", please be advised that you are to confirm all credit requests in writing to me at PO Box 634 Bronx, NY 10451. Under no circumstances will I confirm or discuss my application for credit by phone."*

58. For several years, my attempts to mitigate fraud were circumvented when my credit reports were disseminated to questionable and unauthorized third parties without my explicit consumer statement.

59. Experian did not include my consumer statement requested in 2011.

60. Upon information and belief, Experian has not consistently maintained my permanent security freeze. It was deleted and re-added over the years without my knowledge.

61. Upon information and belief, Experian is matching or verifying my identifying information (name, DOB and/or SSN) with third parties such as utility and/or cable TV companies, a service it provides to clients. Companies contract with CRAs to verify that a person is "real" based on any combination of a person's name, DOB and/or SSN. This is how the CRAs circumvent the law, while still collecting a fee.

**DEFENDANT COMCAST**

12

62. On 11/19/2011 I called Comcast to report fraud that was disputed on my credit report. Initially I was given the incorrect phone number when I specifically asked for Comcast's fraud department (I was given the FTC's number). I called back and spent over one half hour calling various numbers I was given (800-871-6298 / 856-317-7272 / 866-225-2677).

63. After multiple calls and transfers, I was connected to a voicemail box with an outgoing message with instructions to send a long distance fax with personal information in order to dispute fraud. Given its inability to maintain a reasonable procedure to report and dispute fraud, I had no choice but to sue Comcast to obtain all documentation related to the fraudulent account, among other things.

## JURY DEMAND

64. Plaintiff hereby demands a trial by jury of all issues so triable herein.

## PRAYER FOR INJUNCTIVE AND OTHER RELIEF

**WHEREFORE,** Plaintiff seeks judgment in her favor:

1. That an order be entered declaring Defendants' actions described are in violation of the FCRA, FDCPA and applicable New York laws.

2. That judgment be entered against Defendants for emotional distress, violations, damages (costs, statutory, compensatory, punitive), attorneys' fees if/when retained and any further relief as the Court may deem just and proper.

3. That an order be entered instructing the Defendants to: (a) cease dissemination of my personal information and credit reports -- headers, account reviews, inquiries, full reports. ID verification/matching, et al -- until Plaintiff verifies accuracy; (b) explain how creditors/debt collectors are authenticated given the FTC's 2006 settlement with ChoicePoint re: disseminating consumer information to fake clients that turned out to be identity thieves; (c) explain what

13

constitutes permissible use of / access to my credit reports with extended fraud alerts (7 years)

and permanent security freezes in place and by whom; (d) provide procedures to proactively

manage extended fraud alerts (additional free reports) and permanent security freezes (temporary

lifts, change security freeze PIN); (e) provide procedures to change contact information; and

provide complete, readable audit trails of my credit files (2004 to present).

## VERIFICATION

Keisha Jones, being duly sworn, says:

I am the Pro Se Plaintiff in the above entitled action. I have read the foregoing complaint

and know the contents thereof, the same are true to my knowledge, except as to matters therein

stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: March 7, 2012                          Respectfully submitted,

Keisha Jones
Pro Se
Post Office Box 634
Bronx, NY 10451
Tel: 212.495.9187

**Defendants:**

**Equifax, Inc.**
c/o King & Spalding, LLP
Christina M. Conroy, Esq.
1186 Avenue of the Americas
New York, NY 10036

**Experian Information Solutions Inc.**
c/o Jones Day
Richard J. Galati Jr., Esq.
222 E. 41st Street
New York, NY 10017

**NATALIE MURRAY**
Notary Public, State of New York
No. 01MU6173161
Qualified in Kings County
Commission Expires 8/30/15

3/7/12

14

**Trans Union, LLC**
c/o Schuckit & Associates, P.C.
Larrisa E. Koshatka, Esq.
4545 Northwestern Drive
Zionsville, IN 46077

**Hahnemann University Hospital and Central Financial Control**
c/o John E. Clark, Esq.          c/o McCann & Geschke
J. Clark & Associates, LLC       Mark A. DiAntonio, Esq.
20 Church Street, Suite 15       Timothy I. McCann, Esq.
Montclair, NJ 07042              1800 John F. Kennedy Blvd. Suite 801
                                 Philadelphia, PA 19103

**Bilateral Credit Corp, LLC**
c/o Marin Goodman, LLP
Rodrigo Armand, Esq.
500 Mamaroneck Avenue Suite 501
Harrison, NY 10528

**Comcast Cable**
c/o Moran Karamouzis, LLP
Andrew Karamouzis, Esq.
265 Sunrise Highway Suite 61
Rockville Center, NY 11570

## AFFIRMATION OF SERVICE

I declare under penalty of perjury that on March 7, 2012 I served a true copy of the foregoing

Amended Complaint upon the defendants via regular, U.S. mail.

Keisha Jones
Pro Se
Post Office Box 634
Bronx, NY 10451
Tel: 212.495.9187

**Defendants:**

**Equifax, Inc.**
c/o King & Spalding, LLP
Christina M. Conroy, Esq.
1186 Avenue of the Americas
New York, NY 10036

**Experian Information Solutions Inc.**
c/o Jones Day
Richard J. Galati Jr., Esq.
222 E. 41st Street
New York, NY 10017

**Trans Union, LLC**
c/o Schuckit & Associates, P.C.
Larrisa E. Koshatka, Esq.
4545 Northwestern Drive
Zionsville, IN 46077

**Hahnemann University Hospital and Central Financial Control**
c/o John E. Clark, Esq.        c/o McCann & Geschke
J. Clark & Associates, LLC     Mark A. DiAntonio, Esq.
20 Church Street, Suite 15     Timothy I. McCann, Esq.
Montclair, NJ 07042            1800 John F. Kennedy Blvd. Suite 801
                               Philadelphia, PA 19103

**Bilateral Credit Corp, LLC**
c/o Marin Goodman, LLP
Rodrigo Armand, Esq.
500 Mamaroneck Avenue Suite 501
Harrison, NY 10528

**Comcast Cable**
c/o Moran Karamouzis, LLP
Andrew Karamouzis, Esq.
265 Sunrise Highway Suite 61
Rockville Center, NY 11570

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEISHA JONES,<br><br>               Plaintiff,<br><br>v.<br><br>EQUIFAX, INC.; EXPERIAN<br>INFORMATION SOLUTIONS INC.; TRANS<br>UNION, LLC; BILATERAL CREDIT CORP,<br>LLC; HAHNEMANN UNIVERSITY<br>HOSPITAL; CENTRAL FINANCIAL<br>CONTROL; and COMCAST CABLE,<br><br>               Defendants. | CASE NO. 11-CV-9136 (CM)(KNF)<br><br>ECF CASE |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned

counsel, and in answer to Plaintiff Keisha Jones' ("Plaintiff") Amended Complaint, states as

follows:

## PRELIMINARY STATEMENT

1.    In response to the unnumbered paragraphs of the Amended Complaint under the

heading PRELIMINARY STATEMENT, Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

## PARTIES

2.    In response to paragraph 1 of the Amended Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained

therein.

3. In response to paragraph 2 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. In response to paragraph 3 of the Amended Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that the ultimate parent company of Experian is Experian plc, which owns 100 percent of Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Amended Complaint.

5. In response to paragraph 4 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 5 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 7 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

2

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

10.      In response to paragraph 9 of the Amended Complaint, Experian admits that Plaintiff purports to state claims arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*, and New York laws. Experian denies violating the FCRA, the FDCPA, New York laws, or any other laws. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Amended Complaint and, on that basis, denies, generally and specifically, the remaining allegations contained therein.

11.      In response to paragraph 10 of the Amended Complaint, Experian denies all allegations pertaining to Experian contained therein and denies violating any laws. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Amended Complaint and, on that basis, denies, generally and specifically, the remaining allegations contained therein.

12.      In response to paragraph 11 of the Amended Complaint, Experian denies all allegations pertaining to Experian contained therein and denies violating any laws. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 11 of the Amended Complaint and, on that basis, denies,
generally and specifically, the remaining allegations contained therein.

13.     In response to paragraph 12 of the Amended Complaint, Experian denies all
allegations pertaining to Experian contained therein and denies that Plaintiff was damaged by
any action or inaction of Experian. Experian is without knowledge or information sufficient to
form a belief as to the truth of the remaining allegations contained in paragraph 12 of the
Amended Complaint and, on that basis, denies, generally and specifically, the remaining
allegations contained therein.

## DEFENDANT BILATERAL

14.     In response to paragraph 13 of the Amended Complaint, Experian is without
knowledge or information sufficient to form a belief as to the truth of the allegations contained
therein and, on that basis, denies, generally and specifically, each and every allegation contained
therein.

## DEFENDANT HAHNEMANN UNIVERSITY HOSPITAL

15.     In response to paragraph 14 of the Amended Complaint, Experian is without
knowledge or information sufficient to form a belief as to the truth of the allegations contained
therein and, on that basis, denies, generally and specifically, each and every allegation contained
therein.

16.     In response to paragraph 15 of the Amended Complaint, Experian is without
knowledge or information sufficient to form a belief as to the truth of the allegations contained
therein and, on that basis, denies, generally and specifically, each and every allegation contained
therein.

17.     In response to paragraph 16 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 17 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEFENDANT CENTRAL FINANCIAL CONTROL

19.     In response to paragraph 18 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEFENDANT EQUIFAX

20.     In response to paragraph 19 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 20 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.    In response to paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.    In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.    In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.    In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.    In response to paragraph 25 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.    In response to paragraph 26 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.    In response to paragraph 27 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.    In response to paragraph 28 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.    In response to paragraph 29 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.    In response to paragraph 30 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.    In response to paragraph 31 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7

33. In response to paragraph 32 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 33 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 34 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 35 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 36 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 37 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 38 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.     In response to paragraph 39 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.     In response to paragraph 40 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**DEFENDANT TRANS UNION**

42.     In response to paragraph 41 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43.     In response to paragraph 42 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9

44.     In response to paragraph 43 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

45.     In response to paragraph 44 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 45 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47.     In response to paragraph 46 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 47 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 48 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50.     In response to paragraph 49 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

51.     In response to paragraph 50 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEFENDANT EXPERIAN

52.     In response to paragraph 51 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53.     In response to paragraph 52 of the Amended Complaint, Experian denies all of the allegations contained therein.

54.     In response to paragraph 53 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 54 of the Amended Complaint, Experian denies the allegation contained therein that it "engages in deceptive practices." Experian is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Amended Complaint and, on that basis, denies, generally and specifically, the remaining allegations contained therein.

56.    In response to paragraph 55 of the Amended Complaint, Experian denies the allegation contained therein that it "lacks internal controls to authenticate its clients." Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Amended Complaint and, on that basis, denies, generally and specifically, the remaining allegations contained therein.

57.    In response to paragraph 56 of the Amended Complaint, Experian denies all of the allegations contained therein.

58.    In response to paragraph 57 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

59.    In response to paragraph 58 of the Amended Complaint, Experian denies the allegation contained therein that it "disseminated" Plaintiff's credit report "to questionable and unauthorized third parties." Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Amended Complaint and, on that basis, denies, generally and specifically, the remaining allegations contained therein.

60.    In response to paragraph 59 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.     In response to paragraph 60 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 61 of the Amended Complaint, Experian denies the allegation contained therein that it "circumvent[s] the law, while still collecting a fee." Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Amended Complaint and, on that basis, denies, generally and specifically, the remaining allegations contained therein.

## DEFENDANT COMCAST

63.     In response to paragraph 62 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

64.     In response to paragraph 63 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURY DEMAND

65.     In response to paragraph 64 of the Amended Complaint, Experian admits that Plaintiff demands a trial by jury.

13

## PRAYER FOR INJUNCTIVE AND OTHER RELIEF

66.    In response to Plaintiff's prayer for relief in the Amended Complaint, Experian

denies that Plaintiff is entitled to any of the relief or damages that she seeks.

67.    Additionally, Experian denies each allegation not specifically admitted above and

denies that Plaintiff is entitled to judgment against, or any relief whatsoever from, Experian in

this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Amended Complaint herein, and each cause of action thereof, fails to set forth facts

sufficient to state a claim upon which relief may be granted against Experian and further fails to

state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from

Experian.

### SECOND AFFIRMATIVE DEFENSE
### (QUALIFIED IMMUNITY)

All of Plaintiff's claims against Experian are barred by the qualified immunity of 15

U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All of Plaintiff's claims against Experian are barred because all information Experian

communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Any damages allegedly suffered by Plaintiff, which Experian continues to deny, are the

results of the acts or omissions of third persons over whom Experian had neither control nor

responsibility.

14

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Any damages allegedly suffered by Plaintiff, which Experian continues to deny, were, at

least in part, caused by the actions of Plaintiff or resulted from Plaintiff's own negligence which

equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

Any damages allegedly suffered by Plaintiff, which Experian continues to deny, were the

direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and

barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

The Amended Complaint, and each claim for relief therein that seeks equitable relief, is

barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the

Amended Complaint herein are barred by the applicable statutes of limitation, including but not

limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to

such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE**, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff takes nothing by virtue of the Amended Complaint herein and that

this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: March 19, 2012                              Respectfully submitted,
        New York, New York

                                                   /s/ Richard J. Galati Jr.
                                                   Richard J. Galati Jr. (RG0884)
                                                   JONES DAY
                                                   222 E. 41st Street
                                                   New York, NY 10017
                                                   Tel:  (212) 326-3939
                                                   Fax:  (212) 755-7306
                                                   E-mail:rjgalati@jonesday.com

                                                   *Attorneys for Defendant*
                                                   *Experian Information Solutions, Inc.*