**Exhibit C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

**KEISHA JONES,**                                          **11 CV 9136 (CM) (KNF)**

            **Plaintiff,**                             **PLAINTIFF'S**
                                                          **SUPPLEMENTAL**
        **-against-**                                  **RESPONSE TO**
                                                          **EXPERIAN'S FIRST SET**
**EQUIFAX, INC.**                                         **OF INTERROGATOTIES**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC**
**BILATERAL CREDIT CORP, LLC**
**HAHNEMANN UNIVERSTIY HOSPTIAL**
**COMCAST CABLE**

            **Defendants**

-----------------------------------------------------------------x

      The plaintiff, **KEISHA JONES**, by her attorneys, Fishman & Mallon, LLP, pursuant to

the Federal Rules of Civil Procedure, hereby provides a Supplemental Response to Experian's

First Set of Interrogatories:

**GENERAL OBJECTIONS**

      The plaintiff makes the following general responses and recurring objections to the

defendant's document requests.  The recurring objections set forth below are incorporated into

each of the plaintiff's responses to the defendant's document requests.

      1.  The plaintiff objects to the defendant's requests to the extent they are vague, overly

broad and unduly burdensome.

      2.  The plaintiff objects to the defendant's requests to the extent that they impose

obligations on her beyond those imposed or authorized by the FRCP.

      3.  The plaintiff objects to the defendant's requests to the extent that they require the

plaintiff to disclose evidentiary material or other information beyond the scope of discovery under the FRCP.

4. The plaintiff objects to the defendant's requests to the extent they seek the disclosure of materials or information protected from discovery by the attorney-client privilege, the work product doctrine and/or any other applicable privileges or exemptions from disclosure. In responding to defendant's requests, the plaintiff will interpret each item as not seeking any material protected from disclosure by any such privilege or exemption.

5. The plaintiff objects to the defendant's requests to the extent they purport to require them to provide documents and/or information that (I) are not within her possession, custody or control (ii) that are in the possession of the defendant, the defendant's counsel, or any other entity or person not a party to this litigation or (iii) that are in the public domain.

6. The plaintiff's general objections as set forth above are based upon information presently known to her. The plaintiff reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to her attention, to assert additional objections or supplemental responses should she discover that there is information or grounds for objections, and to supplement or amend these responses at any time. The plaintiff also reserves the right to object to the further disclosure of any document and/or information.

7. The plaintiff further states that she is responding to the defendant's requests as she interprets and understands the specific requests. If the defendant subsequently asserts an interpretation of any specific request that differs from the understanding of the plaintiff, she reserves the right to supplement her objections and/or responses herein.

8. These general objections shall be deemed continuing as to each request, incorporated

2

in response to each request whether or not specifically stated in response to each request, and are not waived or in any way limited to the following responses. The plaintiff also reserves the right to object to the further disclosure of any document and/or information.

9.  The plaintiff objects to the defendant's requests to the extent they violate the Local Rules of the Southern District of New York.

## INTERROGATORIES

INTERROGATORY NO. 1:

Identify Plaintiff, including Plaintiffs full name, any nicknames or other names, including maiden name or aliases, Social Security numbers, Plaintiffs work history, including Plaintiffs present occupation and business address, Plaintiffs total income for each of the past seven years, including all sources of this income, and the amount of income derived from each source, and every address Plaintiff has had for the past seven years.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

Keisha Jones

Social Security No: ▇▇▇-5746

Date of Birth: ▇▇▇ 1970

From 2007 through the present the plaintiff has resided at:

1020 Grand Concourse
Bronx NY 10451

She has used a mailing address during that time of:

3

PO  Box 634
Bronx, NY  10451-0634

From 2008 through March 2010 plaintiff was employed as a temporary worker at Manpower Temp Agency.

From April 2010 tough June 2012 plaintiff was unemployed.

In July 2012 plaintiff was again employed as a temporary worker.

From August 2012 through the present plaintiff has been unemployed.


INTERROGATORY NO.2:

Identify all other lawsuits in which the Plaintiff is or was a party, including for

each suit the case number, the name of the Court, the style of the case, the subject matter

of the case, the amount in controversy, the Court's holding, if any, and the amount of

damages awarded or the terms of any settlement.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  The interrogatory further

included multiple sub-parts in violation FRCP 33's.  Notwithstanding these objections, the plaintiff

responds as follows:

The plaintiff was the plaintiff in Jones v. Commerce Bancorp, Inc., SDNY Index No. 06

CV-0835, which involved a bank account takeover by identity thieves.  The case was dismissed

via summary judgment and plaintiff did not obtain any recovery.

INTERROGATORY NO.3:

Describe any criminal record of Plaintiff; including whether Plaintiff has ever

been convicted of a crime or has pleaded guilty or nolo contendere to a crime, and if so,

the date of each conviction or plea, the name of the court, the crime involved, and the

4

prison or jail, if any, where incarcerated.

RESPONSE:

The plaintiff has not been convicted of any crimes.

INTERROGATORY NO.4:

Identify every application for credit or insurance made on behalf of Plaintiff

during the past seven years, including whether the application was granted or denied.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

The plaintiff is no longer seeking actual damages.

INTERROGATORY NO. 5:

For each denial of credit or insurance during the past seven years, describe the denial, *e.g.,* whether oral or written, and the reasons given for the denial, any dispute related to the denial, etc.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

The plaintiff is no longer seeking actual damages.

INTERROGATORY NO.6:

For each application of credit or insurance granted during the past seven years,

5

describe the credit or insurance obtained, *e.g.,* the creditor 'insurer, account number,

repayment terms, etc.

### RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

The plaintiff is no longer seeking actual damages.

### INTERROGATORY NO.7:

Identify each person whom you expect to call as an expert witness at trial.

### RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

The plaintiff has yet to retain any expert witnesses in this action.

### INTERROGATORY NO.8:

State the basis for the allegations in Paragraph 61 of Plaintiffs' Amended

Complaint wherein Plaintiff alleges "Experian is matching or verifying my identifying

information (name, DOB and/or SSN) with third parties such as utility and/or cable TV

companies, a service it provides to clients. Companies contract with CRAs to verify that a

person is "real" based on any combination of a person's name, DOB and/or SSN. This is

how the CRAs circumvent the law, while still collecting a fee."

6

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

The basis for the allegation is plaintiff's understanding of how Experian operates based upon her investigation of the credit reporting industry. Discovery is still ongoing and the plaintiff has yet to depose Experian's employees regarding its policies and practices.

INTERROGATORY NO. 9:

State the basis for Plaintiffs allegation that Experian violated the FCRA and for each such basis, identify the section of the FCRA that Plaintiff contends Experian violated.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

Experian violated 15 USC § 1681i by failing to conduct a reasonable reinvestigation of the plaintiff's disputes over the Bilateral Credit Corp., Hahnemann University Hospital, Central Financial Control, and Comcast Cable accounts listed on her Experian reports.

INTERROGATORY NO. 10:

State the basis for Plaintiffs allegation that Experian did not maintain reasonable procedures designed to assure the maximum possible accuracy of the information concerning Plaintiff.

7

The plaintiff is no longer alleging a violation of 15 USC § 1681e(b).

INTERROGATORY NO. 11:

State the basis for Plaintiffs allegation that Experian's alleged violations of the

FCRA were willful.

RESPONSE:

The plaintiff objects to this interrogatory on the grounds that discovery is still ongoing and plaintiff has not yet been able to obtain the necessary discovery from Experian regarding her allegations. Notwithstanding this objection, the allegation is based on plaintiff's investigation of Experian. Experian has been repeatedly found to recklessly disregard its obligation to conduct reasonable reinvestigation of consumer disputes and if Experian had not recklessly disregarded its obligations under the FCRA it would have removed the inaccurate information from the plaintiff's file based on her repeated disputes. Experian does not receive any revenue from processing consumer disputes and thus does not adequately fund its consumer dispute division. Experian never forwards all relevant information provided by the consumer to its furnishers of information. Experian is aware that only a tiny percentage of consumers who's FCRA rights are violated ever bring suit against Experian and thus has made an intentional decision that it is cheaper to simply deal with such lawsuits than to adequately respond to consumer disputes as required by the FCRA. Furthermore, Experian makes millions of dollars every year from selling products aimed at preventing identity theft and thus has a financial incentive to allow identity theft to remain an ongoing problem and an incredible hardship for those that are victims of identity theft.

INTERROGATORY NO. 12:

State the basis for Plaintiffs assertion that Experian acted with malice toward

Plaintiff.

RESPONSE:

8

The plaintiff need not prove "malice" in order to obtain statutory and punitive damages therefore the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 13:

List every entry on Plaintiffs Credit Report or Plaintiffs Credit Disclosure which Plaintiff contends is inaccurate and/or incomplete, stating with specificity the reasons why each such entry is inaccurate and/or incomplete.


RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

The Bilateral Credit Corp., Hahnemann University Hospital, Central Financial Control, and Comcast Cable accounts listed on her Experian reports were inaccurate because the plaintiff never opened those accounts and believes that those accounts were opened by imposters using the plaintiff's identifying information.

INTERROGATORY NO. 14:

State the basis for Plaintiffs allegation that Experian refused to include Plaintiffs written summary of her dispute over the accuracy of information in Plaintiffs Experian file.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further

9

included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff responds as follows:

The plaintiff objects to this interrogatory on the grounds that discovery is still ongoing and plaintiff has not yet been able to obtain the necessary discovery from Experian regarding her allegations. Notwithstanding this objection, the plaintiff provided Experian with a written summary of her dispute which Experian failed to properly include on plaintiff's consumer reports and disclosures.

INTERROGATORY NO. 15:

State the basis for Plaintiffs allegation that, at the time Plaintiffs Credit Report
was furnished to "questionable and unauthorized third parties," Experian did not have
reasonable grounds to believe that any alleged party would use Plaintiffs Credit Report
for permissible purposes under the FCRA.

RESPONSE:

The plaintiff objects to this interrogatory on the grounds that discovery is still ongoing and plaintiff has not yet been able to obtain the necessary discovery from Experian regarding her allegations. Notwithstanding this objection, the allegation is based on plaintiff's investigation of Experian and plaintiff's belief that Experian did not adequately scrutinize creditors who sought plaintiff's consumer report and applies a lower standard for creditor's seeking access to consumer reports than for consumer's seeking access to their own reports/or disputing inaccurate information on their Experian reports. Specifically, Experian does not require documentation of government identification, utility bill, social security cards, etc. when a creditor seeks a consumer report as it does when a consumer seeks either a copy of their consumer disclosure or disputes an item on their Experian consumer report.

10

INTERROGATORY NO. 16:

State the basis for Plaintiffs allegation that Experian furnished Plaintiffs Credit Report to any third party for impermissible purposes under the FCRA.

RESPONSE:

The plaintiff objects to this interrogatory on the grounds that discovery is still ongoing and plaintiff has not yet been able to obtain the necessary discovery from Experian regarding her allegations. Notwithstanding this objection, the allegation is based on plaintiff's investigation of Experian and plaintiff's belief that Experian did not adequately scrutinize creditors who sought plaintiff's consumer report and applies a lower standard for creditor's seeking access to consumer reports than for consumer's seeking access to their own reports/or disputing inaccurate information on their Experian reports. Specifically, Experian does not require documentation of government identification, utility bill, social security cards, etc. when a creditor seeks a consumer report as it does when a consumer seeks either a copy of their consumer disclosure or disputes an item on their Experian consumer report.

INTERROGATORY NO. 17:

State the basis for Plaintiffs allegation that Experian did not maintain reasonable procedures to avoid furnishing credit reports for impermissible purposes under the FCRA.

RESPONSE:

The plaintiff objects to this interrogatory on the grounds that discovery is still ongoing and plaintiff has not yet been able to obtain the necessary discovery from Experian regarding her allegations. Notwithstanding this objection, the allegation is based on plaintiff's investigation of Experian and plaintiff's belief that Experian did not adequately scrutinize creditors who sought plaintiff's consumer report and applies a lower standard for creditor's seeking access to consumer reports than for consumer's seeking access to their own reports/or disputing inaccurate information

11

on their Experian reports. Specifically, Experian does not require documentation of government

identification, utility bill, social security cards, etc. when a creditor seeks a consumer report as it

does when a consumer seeks either a copy of their consumer disclosure or disputes an item on their

Experian consumer report.

INTERROGATORY NO. 18:

Describe all notices, whether oral or in writing, made by Plaintiff to Experian in which Plaintiff

disputed the accuracy or completeness of Plaintiffs' Credit Report or Plaintiffs' Credit Disclosure.

RESPONSE:

The plaintiff directly communicated with Experian on numerous occasions to dispute inaccurate

information on her Experian reports and to requests copies of her Experian consumer disclosures.

 Most such communication with Trans Union were oral communications, and as such the

plaintiff does not have the exact dates and substance for each communication. Any written

communications with plaintiff shall be provided with plaintiff's responses to Experian's

document requests.

INTERROGATORY NO. 19:

State the basis for Plaintiffs allegation that Experian did not clearly and accurately disclose to Plaintiff

the nature and substance of all information in Experian's file on Plaintiffs credit history in response to

Plaintiffs request for such information.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence. The interrogatory further

included multiple sub-parts in violation FRCP 33's. Notwithstanding these objections, the plaintiff

responds as follows:

Experian failed to provide all of the information in the plaintiff's file after she requested a

12

copy of her consumer disclosure.

INTERROGATORY NO. 20:

State the basis for Plaintiffs allegation that Experian did not clearly and accurately disclose to Plaintiff

the Persons to whom Plaintiffs Credit Report had been furnished within the preceding two years for

employment purposes or within the preceding six months for any other purposes.

RESPONSE:

The plaintiff is no longer maintaining this allegation.

INTERROGATORY NO. 21:

State all facts which relate to whether Experian provided trained personnel to explain to Plaintiff the

disclosures required by the FCRA.

RESPONSE:

The plaintiff is no longer maintaining this allegation.

INTERROGATORY NO. 22:

Describe all actual damages suffered by Plaintiff as a result of the alleged actions

of Experian, including the nature of each item of damage, the amount of each item of

damage, the date each item of damage was incurred, the amount of compensation

Plaintiff alleges entitlement to from the loss, how the figures used in compensating the

value of each item of damage were computed, and all facts which form the basis of

Plaintiffs contention that Experian's acts or omissions proximately caused the item of

damage.

RESPONSE:

The plaintiff is no longer maintaining a claim for actual damages.

INTERROGATORY NO. 23:

Describe all humiliation, embarrassment and mental or emotional distress or

similar type injury suffered by Plaintiff as a result of Experian's actions, including all

13

manifestations of such mental states and any medical treatment received as a result
thereof.

RESPONSE:

The plaintiff is no longer maintaining a claim for actual damages.

INTERROGATORY NO. 24:

Identify all Persons, including, but not limited to, all medical professionals, having

knowledge of Plaintiffs humiliation, embarrassment and mental or emotional distress or

similar type of injury of which Plaintiff complains.

RESPONSE:

The plaintiff is no longer maintaining a claim for actual damages.

///

///

///

///

///

///

///

///

///

///

14

INTERROGATORY NO. 25:

For each of your responses to Experian's Requests for Admission (served

concurrently herewith) which is not an unqualified admission, state the basis for your

denial of the fact(s) stated in each Request.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is overbroad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence.  The interrogatory

further included multiple sub-parts in violation FRCP 33's.

Dated: New York, NY
      December 10, 2012                /s/
                                Kevin Mallon
                                FISHMAN & MALLON, LLP
                                305 Broadway, Suite 900
                                New York, NY  10007
                                (212) 897-5840
                                (212) 897-5841 (fax)

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

KEISHA JONES,                                    11 CV 9136 (CM) (KNF)

             **Plaintiff,**                    **PLAINTIFF'S**
                                                 **SUPPLEMENTAL**
        **-against-**                         **RESPONSE TO**
                                                 **EXPERIAN'S FIRST**
**EQUIFAX, INC.**                                **REQUEST FOR**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**        **PRODUCTION OF**
**TRANS UNION, LLC**                             **DOCUMENTS**
**BILATERAL CREDIT CORP, LLC**
**HAHNEMANN UNIVERSTIY HOSPTIAL**
**COMCAST CABLE**

             **Defendants**

-----------------------------------------------------------------x

      The plaintiff, **KEISHA JONES**, by her attorneys, Fishman & Mallon, LLP, pursuant to

the Federal Rules of Civil Procedure, hereby provides a Supplemental Response to EXPERIAN's

First Request for Production of Documents:

<u>GENERAL OBJECTIONS</u>

      The plaintiff makes the following general responses and recurring objections to the

defendant's document requests. The recurring objections set forth below are incorporated into

each of the plaintiff's responses to the defendant's document requests.

      1. The plaintiff objects to the defendant's requests to the extent they are vague, overly

broad and unduly burdensome.

      2. The plaintiff objects to the defendant's requests to the extent that they impose

obligations on her beyond those imposed or authorized by the FRCP.

      3. The plaintiff objects to the defendant's requests to the extent that they require the

plaintiff to disclose evidentiary material or other information beyond the scope of discovery under the FRCP.

4. The plaintiff objects to the defendant's requests to the extent they seek the disclosure of materials or information protected from discovery by the attorney-client privilege, the work product doctrine and/or any other applicable privileges or exemptions from disclosure. In responding to defendant's requests, the plaintiff will interpret each item as not seeking any material protected from disclosure by any such privilege or exemption.

5. The plaintiff objects to the defendant's requests to the extent they purport to require them to provide documents and/or information that (I) are not within her possession, custody or control (ii) that are in the possession of the defendant, the defendant's counsel, or any other entity or person not a party to this litigation or (iii) that are in the public domain.

6. The plaintiff's general objections as set forth above are based upon information presently known to her. The plaintiff reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to her attention, to assert additional objections or supplemental responses should she discover that there is information or grounds for objections, and to supplement or amend these responses at any time. The plaintiff also reserves the right to object to the further disclosure of any document and/or information.

7. These general objections shall be deemed continuing as to each request, incorporated in response to each request whether or not specifically stated in response to each request, and are not waived or in any way limited to the following responses. The plaintiff also reserves the right to object to the further disclosure of any document and/or information.

8. The plaintiff objects to the defendant's requests to the extent they violate the Local

2

Rules of the Southern District of New York.

**Categories of Requested Documents**

**REQUEST NO. 1:**

      All Documents identified in response to Experian's First Set of Interrogatories

propounded to Plaintiff, served contemporaneously herewith.

**RESPONSE:**

      Plaintiff objects to this interrogatory to the extent that it is overbroad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these

objections, the plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 2:**

      All statements taken by Plaintiff or on Plaintiff's behalf from any person relating to the

claims alleged in the Complaint.

**RESPONSE:**

      The plaintiff objects to this request to the extent that it calls for information protected by the

attorney client privilege and/or attorney work product doctrine. Notwithstanding these objections, no

such documents exist.

**REQUEST NO. 3:**

      All Documents relating to any correspondence or communication between Plaintiff and

Experian, including any copies of Plaintiff's Credit Disclosure or any disputes communicated to

Experian by Plaintiff.

**RESPONSE:**

      The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 4:**

3

All Documents relating to any correspondence or communication between Plaintiff and a
consumer credit reporting agency other than Experian.

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 5:**

All Documents relating to Plaintiff's Credit Reports obtained from any source.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is overbroad, unduly burdensome
and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these
objections, the plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 6:**

All tangible reports, physical models, compilations of data, and other materials prepared
by an expert, or for an expert, who may testify at the trial of this matter or in a deposition for this
lawsuit.

**RESPONSE:**

No such documents currently exist.

**REQUEST NO. 7:**

All tangible reports, physical models, compilations of data, and other materials prepared
by an expert used for consultation which have been reviewed in whole or in part by an expert
who may be called as a witness by Plaintiff for this lawsuit.

**RESPONSE:**

No such documents currently exist.

**REQUEST NO. 8:**

All Documents which refer or relate to Plaintiff's allegation that "Experian does not

4

investigate disputes or fraud.

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 9:**

All Documents which refer or relate to Plaintiff's allegation that she "was told [she]

cannot dispute fraudulent addresses because it was reported by a creditor."

**RESPONSE:**

Since the statement was made orally, no such documents exist.

**REQUEST NO. 10:**

All Documents which refer or relate to Plaintiff's allegation that "Experian did not

include a phone number to the fraud department on my report dated 11/10/2011."

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 11:**

All Documents which refer or relate to Plaintiff's allegation that "Experian lacks internal

controls to authenticate its clients."

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 12:**

All Documents which refer or relate to Plaintiff's allegation that "Experian has

intentionally ignored requests to add my 100 word consumer statement. Instead, it maintains an

inaccurate, incoherent, statement of its own."

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

5

**REQUEST NO. 13:**

All Documents which refer or relate to Plaintiff's allegation that "Experian did not add

my statement when my identity was stolen."

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 14:**

All Documents which refer or relate to Plaintiff's allegation that "For several years, my

attempts to mitigate fraud were circumvented when my credit reports were disseminated to

questionable and unauthorized third parties without my explicit consumer statement."

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 15 (No. 1):**

All Documents which refer or relate to Plaintiff's allegation that "Experian did not

include my consumer statement requested in 2011."

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 15 (No. 2):**

All Documents which refer or relate to Plaintiff's allegation that "Experian has not

consistently maintained my permanent security freeze. It was deleted and re-added over the years

without my knowledge."

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 16:**

All Documents which refer or relate to Plaintiff's allegation that "Experian is matching or

6

verifying my identifying information (name, DOB and/or SSN) with third parties such as utility

and/or cable TV companies, a service it provides to clients. Companies contract with CRAs to

verify that a person is "real" based on any combination of a person's name, DOB and/or SSN.

This is how the CRAs circumvent the law, while still collecting a fee."

**RESPONSE:**

The majority of such documents are in Experian's possession and have not been produced to plaintiff

yet, but the plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 17:**

All police reports or similar Documents which refer or relate to the theft of Plaintiff's

identity.

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 18:**

All Fraud affidavits or similar documents provided by Plaintiff to any lender and/or

Experian which refer or relate to the theft of Plaintiff's identity.

**RESPONSE:**

The plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 19:**

A true and correct copy of every Social Security card issued to or used by Plaintiff.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding these objections, the plaintiff agrees to produce

all documents in her possession, custody or control.

**REQUEST NO. 20:**

7

A true and correct copy of every driver's license issued to or used by Plaintiff.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 21:**

A true and correct copy of every voter registration card issued to or used by Plaintiff.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 22:**

A true and correct copy of every birth certificate issued to Plaintiff or used with respect to documenting Plaintiff's birth.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 23:**

A true and correct copy of every passport issued to or used by Plaintiff.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the plaintiff agrees to produce all documents in her possession, custody or control.

**REQUEST NO. 24:**

All Documents which evidence, constitute, or refer to automobile titles and/or

registration of automobiles in Plaintiff's name at any time.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence. No such documents will be

produced.

**REQUEST NO. 25:**

A true and correct copy, front and back, of each credit card or charge card that Plaintiff

possesses or has any rights to use, or has used in any manner, during the seven years prior to the

filing of the Complaint.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence. No such documents will be

produced.

**REQUEST NO. 26:**

True and correct copies of all statements, invoices or bills received by Plaintiff during the

seven years prior to the filing of the Complaint from any Person as the result of any credit

transaction or any other alleged extension of credit to Plaintiff.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence. No such documents will be

produced.

**REQUEST NO. 27:**

9

All mortgages or other real property ownership documentation which Plaintiff has or has had an interest in within the past five years.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. No such documents will be produced.

**REQUEST NO. 28:**

All Documents evidencing lease agreements which Plaintiff has entered into within the last five years.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, no such documents exist.

**REQUEST NO. 29:**

All federal and state income tax returns and supporting schedules and documentations maintained by Plaintiff or by others on Plaintiffs behalf, which have been filed or prepared to be filed by Plaintiff or on Plaintiffs behalf with respect to the tax years, through, and including, the most recent tax year for which such information is available.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that is an invasion of plaintiff's privacy, and to the extent that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence since plaintiff is no longer seeking actual damages. No such documents will be produced.

**REQUEST NO. 30:**

All Documents relating to any applications for credit during the two years prior to the

filing of the Complaint in this action, including the application, supporting documentation,

communications regarding same, denial letters and extension of credit confirmation.

**RESPONSE:**

No such documents exist.

**REQUEST NO. 31:**

All Documents which refer or relate to whether Plaintiffs Credit Report or Plaintiffs

Credit Disclosure compiled and furnished by Experian included inaccurate or obsolete

information about Plaintiffs credit history.

**RESPONSE:**

All documents within plaintiff's possession, custody or control will be produced.

**REQUEST NO. 32:**

All Documents which refer or relate to whether Experian had a reasonable basis for

including in Plaintiffs credit history all of the information that appeared in Plaintiffs Credit

Report or Plaintiffs Credit Disclosure.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the

plaintiff. Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 33:**

All Documents which refer or relate to whether, at the time Experian furnished Plaintiffs

Credit Report to third parties, Experian did not maintain reasonable procedures designed to avoid

the inclusion of inaccurate or obsolete information.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the

plaintiff.  Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 34:**

All Documents which refer or relate to whether Experian refused, despite Plaintiffs

request, to include the Plaintiffs written summary of the dispute over the accuracy of Plaintiffs

credit history in all subsequent reports on Plaintiffs credit history compiled and reported by

Experian.

**RESPONSE:**

Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 35:**

All Documents which refer or relate to whether Experian furnished the Plaintiff's Credit

Report to third parties for purposes impermissible under the FCRA.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the

plaintiff.  Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 36:**

All Documents which refer or relate to whether Experian furnished Plaintiff's Credit

Report to third parties for the purpose of identity theft.

**RESPONSE:**

Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 37:**

All Documents which refer or relate to whether Experian failed to maintain reasonable

procedures designed to avoid the furnishing of Plaintiff's Credit Report for the purpose of

identity theft.

12

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the plaintiff. Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 38:**

All Documents which refer or relate to whether Plaintiff notified Experian that Plaintiff disputed the completeness or accuracy of Plaintiff's Credit Report or Plaintiff's Credit Disclosure.

**RESPONSE:**

Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 39:**

All Documents which refer or relate to whether Experian refused to reinvestigate the information in Plaintiffs Credit Report or Plaintiffs Credit Disclosure disputed by Plaintiff after Experian had been notified of such dispute.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the plaintiff. Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 40:**

All Documents which refer or relate to whether Experian failed to clearly and accurately disclose to Plaintiff, upon Plaintiffs request, the nature and substance of all information in Experian's files on Plaintiffs credit history.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the plaintiff. Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 41:**

13

All Documents which refer or relate to whether Experian failed, despite Plaintiffs request,
to clearly and accurately disclose to Plaintiff the Persons to whom Plaintiffs Credit Report had
been furnished within the proceeding two years for employment purposes or within the
preceding six months for any other purposes.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the
plaintiff.  Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 42:**

All Documents which refer or relate to whether Experian failed, despite Plaintiff's
request, to reveal the sources of the information in Experian's files concerning Plaintiff's credit
history.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the
plaintiff.  Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 43:**

All Documents which refer or relate to whether Experian failed to provide trained
personnel to explain to Plaintiff the disclosures referred to in the immediately preceding three
requests.

**RESPONSE:**

The plaintiff does not possess any such documents.

**REQUEST NO. 44:**

All Documents which refer or relate to whether Experian failed to notify Plaintiff of
Plaintiffs right to request the furnishing of a modified or supplementary report on Plaintiffs credit
history to designated persons, at the time that information was deleted or Plaintiffs summary of

14

the dispute regarding Plaintiffs Credit Report was received by Experian.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the

plaintiff. Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 45:**

All Documents which refer or relate to whether Experian failed, without charge to

Plaintiff, to furnish copies of Plaintiffs Credit Report to one or more third parties after Experian

had deleted inaccurate or unverifiable information from such report and Plaintiff had designated

the recipient(s) of the modified credit report.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the

plaintiff. Plaintiff will produce such documents she has in her possession, custody and control.

**REQUEST NO. 46:**

All Documents which refer or relate to the amount of actual monetary loss suffered by

Plaintiff as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

**RESPONSE:**

No such documents will be produced since the plaintiff is no longer maintaining a claim for

actual damages.

**REQUEST NO. 47:**

All Documents which refer or relate to whether Plaintiffs reputation was damaged as a

result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

**RESPONSE:**

No such documents will be produced since the plaintiff is no longer maintaining a claim for

actual damages.

15

**REQUEST NO. 48:**

All Documents which refer or relate to whether Plaintiff suffered humiliation and/or emotional or mental distress as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

**RESPONSE:**

No such documents will be produced since the plaintiff is no longer maintaining a claim for actual damages.

**REQUEST NO. 49:**

All Documents which refer or relate to whether Plaintiff lost employment or employment opportunities as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

**RESPONSE:**

No such documents will be produced since the plaintiff is no longer maintaining a claim for actual damages.

**REQUEST NO. 50:**

All Documents which refer or relate to whether Plaintiffs application for insurance was denied, or that one or more of Plaintiffs insurance policies were terminated, due to the compilation and furnishing of Plaintiffs Credit Report by Experian.

**RESPONSE:**

No such documents will be produced since the plaintiff is no longer maintaining a claim for actual damages.

**REQUEST NO. 51:**

All Documents which refer or relate to whether Plaintiffs application for credit was denied, or that one or more of Plaintiffs credit accounts were decreased or terminated, due to the

16

compilation and furnishing Plaintiff's Credit Report by Experian.

**RESPONSE:**

No such documents will be produced since the plaintiff is no longer maintaining a claim for

actual damages.

**REQUEST NO. 52:**

All Documents which refer or relate to whether the damages alleged by Plaintiff were

caused by Experian's negligence.

**RESPONSE:**

No such documents will be produced since the plaintiff is no longer maintaining a claim for

actual damages.

**REQUEST NO. 53:**

All Documents which refer or relate to whether the damages alleged by Plaintiff were

caused by Experian willfully.

**RESPONSE:**

Most of such documents are in the possession of Experian, who had yet to produce them to the

plaintiff.  Plaintiff will produce such documents she has in her possession, custody and control.

///

///

///

///

///

///

///

///

17

**REQUEST NO. 54:**

All Documents not otherwise requested herein which Plaintiff may introduce into evidence at

trial or at any deposition in this matter.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is overbroad and unduly burdensome.

Notwithstanding these objections, the plaintiff agrees to produce all documents in her possession,

custody or control.

Dated: New York, NY
     December 10, 2012               /s/
                                  Kevin Mallon
                                  FISHMAN & MALLON, LLP
                                  305 Broadway, Suite 900
                                  New York, NY  10007
                                  (212) 897-5840
                                  (212) 897-5841 (fax)