**Exhibit W**

**Plaintiff's Response to Experian's Request for Documents**

1. Plaintiff submitted documents previously referencing or matching the document with the corresponding paragraph(s) in her Amended Complaint.

2. I don't understand the request.

3. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for document production for many years.

4. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for document production for many years.

5. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for document production for many years.

6. Plaintiff does not have any documents at this time.

7. Plaintiff does not have any documents at this time.

8. Plaintiff submitted documents previously referencing or matching the document with the corresponding paragraph(s) in her Amended Complaint. See discovery document Bates Stamped EXPERIAN000008, EXPERIAN000011, EXPERIAN000013 and the referenced credit report numbers in each letter. Additional documents may follow as discovery continues.

9. See Amended Complaint regarding this phone call with Experian.

10. Plaintiff submitted documents previously referencing or matching the document with the corresponding paragraph(s) in her Amended Complaint.

11. Plaintiff submitted documents previously referencing or matching the document with the corresponding paragraph(s) in her Amended Complaint.

12. See discovery document Bates Stamped EXPERIAN000005 and EXPERIAN000013 and the referenced credit report numbers in each letter. Plaintiff submitted documents previously referencing or matching the document with the corresponding paragraph(s) in her Amended Complaint. Additional documents may follow as discovery continues.

13. See Amended Complaint. Additional documents may follow as discovery continues.

14. See Amended Complaint and documents referenced in #12. Additional documents may follow as discovery continues.

15. See Amended Complaint and documents referenced in #12. Additional documents may follow as discovery continues.

16. See Amended Complaint and documents referenced in #12. Additional documents may follow as discovery continues.

17. Plaintiff will provide her 2005 police report, to satisfy what she understands to be a request to confirm her identity, in a confidential manner that will prevent her personal information from being entered in the public record.

18. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for document production that is irrelevant to this case.

19. Plaintiff is not disputing the accuracy of her SSN. To my knowledge it is correct, however, further discovery will determine if it was altered by Experian without Plaintiff's knowledge. See #17

20. See #17

21. Plaintiff's voter registration status is confidential and irrelevant to this case.

22. Plaintiff is not disputing the accuracy of her DOB on file with Experian. To my knowledge it is correct, however, further discovery will determine if it was altered by Experian without Plaintiff's knowledge.

23. See #17

24. Plaintiff does not have these documents and does not currently own a car.

25. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for document production that is irrelevant to this case.

26. Same as #25

27. Same as #25

28. Plaintiff does not have any lease agreements.

29. Plaintiff objects to this request because it is confidential and irrelevant to this case.

30. Plaintiff has *never* lifted the permanent security freeze on her credit file for any reason since it was placed in 2006.

31. See Amended Complaint and documents submitted previously.

32. I don't understand the request.

33. See Amended Complaint and documents submitted previously.

34. See #12

35. See Amended Complaint and documents submitted previously.

36. I don't understand the request.

37. See Amended Complaint and documents submitted previously.

38. See Amended Complaint and documents submitted previously.

39. See Amended Complaint and documents submitted previously.

40. See Amended Complaint and documents submitted previously.

41. See Amended Complaint and documents submitted previously.

42. See Amended Complaint and documents submitted previously.

43. See Amended Complaint and documents submitted previously.

44. I don't understand the request.

45. I don't understand the request.

46. TBD

47. TBD

48. See Amended Complaint and documents submitted previously.

49. Plaintiff has lost opportunities as a direct result of inaccurate credit reports. I have refrained from submitting traditional and non-traditional credit and other applications because my credit file has been altered without my knowledge, inaccessible to me at times, credit reports have been and remain inaccurate, which makes me appear to be dishonest, unprofessional and a criminal, among other things, if I am not present to defend myself.

50. Plaintiff does not have any documents at this time.

51. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for document production that is irrelevant to this case.

52. Damages TBD by a jury.

53. Damages TBD by a jury.

54. Additional documents may be forwarded as discovery continues.

**Plaintiff's Response to Experian's Request for Admissions**

1. Deny

2. Deny

3. I do not admit or deny because I have refrained from submitting traditional and non-traditional credit applications because my credit file has been altered without my knowledge, inaccessible to me at times, credit reports have been and remain inaccurate, which makes me appear to be dishonest, unprofessional and a criminal, among other things, if I am not present to defend myself.

4. I do not admit or deny because medical information is confidential. I am not waiving any of my rights. See Amended Complaint.

5. Deny

6. Deny

7. Deny

8. Deny

9. Deny

### Plaintiff's Response to Experian's Revised (25) Interrogatories

1. Keisha A. Jones, Pro Se Plaintiff. The remainder of this request is confidential, too broad, unduly burdensome and unreasonable to the extent that it calls for many years of information and/or is irrelevant to this case.

2. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for many years of information and/or is irrelevant to this case.

3. Plaintiff is not a criminal.

4. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for many years of information and/or is irrelevant to this case.

5. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for many years of information and/or is irrelevant to this case.

6. Plaintiff objects to this request as too broad, unduly burdensome and unreasonable to the extent that it calls for many years of information and/or is irrelevant to this case.

7. Qualified representatives from each defendants' company. Additional persons may be determined as discovery continues.

8. Upon information and belief, this is what Experian has or is doing. Additional information may be provided as discovery continues.

9.  See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

10. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

11. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

12. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

13. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

14. See Amended Complaint for Plaintiff's plain language description of the violations, documents submitted under separate cover to Experian from Plaintiff's file and Experian documents Bates Stamped EXPERIAN 000005, EXPERIAN 0000013.

15. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

16. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

17. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

18. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

19. I don't understand the question.

20. I don't understand the question.

21. See Amended Complaint for Plaintiff's plain language description of the violations and documents submitted under separate cover to Experian from Plaintiff's file.

22. Damages to be determined by a jury.

23. See Amended Complaint for Plaintiff's plain language description of the violations. Medical information is confidential.  Plaintiff is not waiving any rights.

24. See #23.

25. I don't understand the question.

I have read the foregoing responses and know the contents thereof; the same are true to my knowledge.

Dated: September 26, 2012                    Respectfully submitted,

Keisha Jones
Pro Se
Post Office Box 634 Bronx, NY 10451
Tel: 212.495.9187

**Defendants:**

**Equifax, Inc.**
c/o King & Spalding, LLP
Christina M. Conroy, Esq.
1185 Avenue of the Americas
New York, NY 10036

**Experian Information Solutions Inc.**
c/o Jones Day
Briana Hulet, Esq.
222 E. 41st Street
New York, NY 10017

**Trans Union, LLC**
c/o Schuckit & Associates, P.C.
Andrew Lehmann, Esq.
4545 Northwestern Drive
Zionsville, IN 46077

**Hahnemann University Hospital and Central Financial Control**
c/o McCann & Geschke
Mark A. DiAntonio, Esq. /
1800 John F. Kennedy Blvd. Suite 801
Philadelphia, PA 19103

**Comcast Cable**
c/o Moran Karamouzis, LLP
Andrew Karamouzis, Esq.
265 Sunrise Highway Suite 61
Rockville Center, NY 11570

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Keisha Jones,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
      v.                                         )        CASE NO. 11-CV-9136
                                                 )
Equifax, Inc.; Experian Information              )
Solutions, Inc.; Trans Union, LLC; Bilateral     )        ECF Case
Credit Corp, LLC; Hahnemann University           )
Hospital; Central Financial Control; and         )
Comcast Cable,                                   )
                                                 )
            Defendants.
_____

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Briana Hulet
JONES DAY
222 E. 41 St.
New York, NY 10017
Telephone:   (212)326-3939
Facsimile:   (212)755-7306
Attorneys for Defendant
Experian Information Solutions, Inc.

Experian Information solutions, Inc. ("Experian"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, herby serves upon Plaintiff Keisha Jones the following Requests for Production of Documents. Plaintiff shall produce the requested documents for inspection and copying at the offices of Jones Day, 222 E. 41 St. New York, New York, 10017, within 30 days hereof.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's requests for production:

1. "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interview; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by

- 2 -

documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.      The word "person" means any natural or artificial person, including business entities and other legal entities.

4.      "Experian" refers to Experian Information solutions, Inc., an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.      "Plaintiff" refers to the person named above to whom these requests for production are directed and any of Plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of the Plaintiff.

6.      "Complaint" refers to the Complaint filed by Plaintiff Keisha Jones on or about March 7, 2012.

7.      "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681u.

8.      "Plaintiff's Credit Report" refers to the report or reports on Plaintiffs credit history compiled by Experian and provided to third parties as referred to in Plaintiff's Complaint.

9.      "Plaintiffs Credit Disclosure" refers to the report or reports on Plaintiffs credit history compiled by Experian and provided to Plaintiff.

10.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

11.     The use of the word "including" shall be construed to mean "without limitation."

12.     Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

- 3 -

13.     "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

14.     The documents requests herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

15.     The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to Plaintiff or any of his/her attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

16.     In the event Plaintiff asserts any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document, the balance of the document production should be answered in full. With respect to any document which is withheld on a claim of privilege, Plaintiff shall provide, at the time its responses are due hereunder, a statement setting forth as to each such document the following information:

        a.     the name(s) of the sender(s) of the document;

        b.     the name(s) of the author(s) of the document;

        c.     the name(s) of the person(s) to whom the document or copies were sent;

        d.     the date of the document;

        e.     a brief description of the nature and subject matter of the document;

and

- 4 -

f.      the nature of the privilege or the authority which is claimed to give rise to

it.

17.     If any documents requested have been destroyed, lost, mislaid, or are otherwise
missing, please so state, specifying for each document or thing:

a.      the type of document;

b.      a description of the nature and contents of the document;

c.      the identity of the author;

d.      the circumstances under which it ceased to exist;

e.      the identity of all Person(s) having knowledge of the circumstances under
which it ceased to exist; and

f.      the identity of all Person(s) who had knowledge of the contents.

18.     Should you obtain any other documents or information which would supplement
or modify the documents or information supplied by you in response to this request, you are
directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such
documents and information and to furnish the additional documents or information to Experian
without delay.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1:

All Documents identified in response to Experian's First Set of Interrogatories
propounded to Plaintiff, served contemporaneously herewith.

### REQUEST NO. 2:

All statements taken by Plaintiff or on Plaintiff's behalf from any person relating to the
claims alleged in the Complaint.

### REQUEST NO. 3:

- 5 -

All Documents relating to any correspondence or communication between Plaintiff and

Experian, including any copies of Plaintiff's Credit Disclosure or any disputes communicated to

Experian by Plaintiff.

**REQUEST NO. 4:**

All Documents relating to any correspondence or communication between Plaintiff and a

consumer credit reporting agency other than Experian.

**REQUEST NO. 5:**

All Documents relating to Plaintiff's Credit Reports obtained from any source.

**REQUEST NO. 6:**

All tangible reports, physical models, compilations of data, and other materials prepared

by an expert, or for an expert, who may testify at the trial of this matter or in a deposition for this

lawsuit.

**REQUEST NO. 7:**

All tangible reports, physical models, compilations of data, and other materials prepared

by an expert used for consultation which have been reviewed in whole or in part by an expert

who may be called as a witness by Plaintiff for this lawsuit.

**REQUEST NO. 8:**

All Documents which refer or relate to Plaintiff's allegation that "Experian does not

investigate disputes or fraud.

**REQUEST NO. 9:**

All Documents which refer or relate to Plaintiff's allegation that she "was told [she]

cannot dispute fraudulent addresses because it was reported by a creditor."

**REQUEST NO. 10:**

- 6 -

All Documents which refer or relate to Plaintiff's allegation that "Experian did not

include a phone number to the fraud department on my report dated 11/10/2011."

**REQUEST NO. 11:**

All Documents which refer or relate to Plaintiff's allegation that "Experian lacks internal

controls to authenticate its clients."

**REQUEST NO. 12:**

All Documents which refer or relate to Plaintiff's allegation that "Experian has

intentionally ignored requests to add my 100 word consumer statement. Instead, it maintains an

inaccurate, incoherent, statement of its own."

**REQUEST NO. 13:**

All Documents which refer or relate to Plaintiff's allegation that "Experian did not add

my statement when my identity was stolen."

**REQUEST NO. 14:**

All Documents which refer or relate to Plaintiff's allegation that "For several years, my

attempts to mitigate fraud were circumvented when my credit reports were disseminated to

questionable and unauthorized third parties without my explicit consumer statement."

**REQUEST NO. 15:**

All Documents which refer or relate to Plaintiff's allegation that "Experian did not

include my consumer statement requested in 2011."

**REQUEST NO. 15:**

All Documents which refer or relate to Plaintiff's allegation that "Experian has not

consistently maintained my permanent security freeze. It was deleted and re-added over the years

without my knowledge."

**REQUEST NO. 16:**

All Documents which refer or relate to Plaintiff's allegation that "Experian is matching or verifying my identifying information (name, DOB and/or SSN) with third parties such as utility and/or cable TV companies, a service it provides to clients. Companies contract with CRAs to verify that a person is "real" based on any combination of a person's name, DOB and/or SSN. This is how the CRAs circumvent the law, while still collecting a fee."

**REQUEST NO. 17:**

All police reports or similar Documents which refer or relate to the theft of Plaintiff's identity.

**REQUEST NO. 18:**

All Fraud affidavits or similar documents provided by Plaintiff to any lender and/or Experian which refer or relate to the theft of Plaintiff's identity.

**REQUEST NO. 19:**

A true and correct copy of every Social Security card issued to or used by Plaintiff.

**REQUEST NO. 20:**

A true and correct copy of every driver's license issued to or used by Plaintiff.

**REQUEST NO. 21:**

A true and correct copy of every voter registration card issued to or used by Plaintiff.

**REQUEST NO. 22:**

A true and correct copy of every birth certificate issued to Plaintiff or used with respect to documenting Plaintiff's birth.

**REQUEST NO. 23:**

A true and correct copy of every passport issued to or used by Plaintiff.

**REQUEST NO. 24:**

All Documents which evidence, constitute, or refer to automobile titles and/or registration of automobiles in Plaintiff's name at any time.

**REQUEST NO. 25:**

A true and correct copy, front and back, of each credit card or charge card that Plaintiff possesses or has any rights to use, or has used in any manner, during the seven years prior to the filing of the Complaint.

**REQUEST NO. 26:**

True and correct copies of all statements, invoices or bills received by Plaintiff during the seven years prior to the filing of the Complaint from any Person as the result of any credit transaction or any other alleged extension of credit to Plaintiff.

**REQUEST NO. 27:**

All mortgages or other real property ownership documentation which Plaintiff has or has had an interest in within the past five years.

**REQUEST NO. 28:**

All Documents evidencing lease agreements which Plaintiff has entered into within the last five years.

**REQUEST NO. 29:**

All federal and state income tax returns and supporting schedules and documentations maintained by Plaintiff or by others on Plaintiffs behalf, which have been filed or prepared to be filed by Plaintiff or on Plaintiffs behalf with respect to the tax years, through, and including, the most recent tax year for which such information is available.

**REQUEST NO. 30:**

All Documents relating to any applications for credit during the two years prior to the filing of the Complaint in this action, including the application, supporting documentation, communications regarding same, denial letters and extension of credit confirmation.

**REQUEST NO. 31:**

All Documents which refer or relate to whether Plaintiffs Credit Report or Plaintiffs Credit Disclosure compiled and furnished by Experian included inaccurate or obsolete information about Plaintiffs credit history.

**REQUEST NO. 32:**

All Documents which refer or relate to whether Experian had a reasonable basis for including in Plaintiffs credit history all of the information that appeared in Plaintiffs Credit Report or Plaintiffs Credit Disclosure.

**REQUEST NO. 33:**

All Documents which refer or relate to whether, at the time Experian furnished Plaintiffs Credit Report to third parties, Experian did not maintain reasonable procedures designed to avoid the inclusion of inaccurate or obsolete information.

**REQUEST NO. 34:**

All Documents which refer or relate to whether Experian refused, despite Plaintiffs request, to include the Plaintiffs written summary of the dispute over the accuracy of Plaintiffs credit history in all subsequent reports on Plaintiffs credit history compiled and reported by Experian.

**REQUEST NO. 35:**

All Documents which refer or relate to whether Experian furnished the Plaintiff's Credit Report to third parties for purposes impermissible under the FCRA.

**REQUEST NO. 36:**

All Documents which refer or relate to whether Experian furnished Plaintiff's Credit

Report to third parties for the purpose of identity theft.

**REQUEST NO. 37:**

All Documents which refer or relate to whether Experian failed to maintain reasonable

procedures designed to avoid the furnishing of Plaintiff's Credit Report for the purpose of

identity theft.

**REQUEST NO. 38:**

All Documents which refer or relate to whether Plaintiff notified Experian that Plaintiff

disputed the completeness or accuracy of Plaintiff's Credit Report or Plaintiff's Credit

Disclosure.

**REQUEST NO. 39:**

All Documents which refer or relate to whether Experian refused to reinvestigate the

information in Plaintiffs Credit Report or Plaintiffs Credit Disclosure disputed by Plaintiff after

Experian had been notified of such dispute.

**REQUEST NO. 40:**

All Documents which refer or relate to whether Experian failed to clearly and accurately

disclose to Plaintiff, upon Plaintiffs request, the nature and substance of all information in

Experian's files on Plaintiffs credit history.

**REQUEST NO. 41:**

All Documents which refer or relate to whether Experian failed, despite Plaintiffs request,

to clearly and accurately disclose to Plaintiff the Persons to whom Plaintiffs Credit Report had

been furnished within the proceeding two years for employment purposes or within the preceding six months for any other purposes.

**REQUEST NO. 42:**

All Documents which refer or relate to whether Experian failed, despite Plaintiff's request, to reveal the sources of the information in Experian's files concerning Plaintiff's credit history.

**REQUEST NO. 43:**

All Documents which refer or relate to whether Experian failed to provide trained personnel to explain to Plaintiff the disclosures referred to in the immediately preceding three requests.

**REQUEST NO. 44:**

All Documents which refer or relate to whether Experian failed to notify Plaintiff of Plaintiffs right to request the furnishing of a modified or supplementary report on Plaintiffs credit history to designated persons, at the time that information was deleted or Plaintiffs summary of the dispute regarding Plaintiffs Credit Report was received by Experian.

**REQUEST NO. 45:**

All Documents which refer or relate to whether Experian failed, without charge to Plaintiff, to furnish copies of Plaintiffs Credit Report to one or more third parties after Experian had deleted inaccurate or unverifiable information from such report and Plaintiff had designated the recipient(s) of the modified credit report.

**REQUEST NO. 46:**

All Documents which refer or relate to the amount of actual monetary loss suffered by Plaintiff as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

- 12 -

**REQUEST NO. 47:**

All Documents which refer or relate to whether Plaintiffs reputation was damaged as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

**REQUEST NO. 48:**

All Documents which refer or relate to whether Plaintiff suffered humiliation and/or emotional or mental distress as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

**REQUEST NO. 49:**

All Documents which refer or relate to whether Plaintiff lost employment or employment opportunities as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

**REQUEST NO. 50:**

All Documents which refer or relate to whether Plaintiffs application for insurance was denied, or that one or more of Plaintiffs insurance policies were terminated, due to the compilation and furnishing of Plaintiffs Credit Report by Experian.

**REQUEST NO. 51:**

All Documents which refer or relate to whether Plaintiffs application for credit was denied, or that one or more of Plaintiffs credit accounts were decreased or terminated, due to the compilation and furnishing Plaintiff's Credit Report by Experian.

**REQUEST NO. 52:**

All Documents which refer or relate to whether the damages alleged by Plaintiff were caused by Experian's negligence.

**REQUEST NO. 53:**

All Documents which refer or relate to whether the damages alleged by Plaintiff were

caused by Experian willfully.

**REQUEST NO. 54:**

All Documents not otherwise requested herein which Plaintiff may introduce into

evidence at trial or at any deposition in this matter.

Dated: August 3, 2012                    Respectfully submitted,

Briana Hulet
JONES DAY
222 E. 41 St.
New York, NY 10017
Telephone:     (212)326-3939
Facsimile:     (212)755-7306
*Attorneys for Defendant Experian*
*Information Solutions, Inc.*

- 14 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Keisha Jones, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 11-CV-9136 |
| | ) | |
| Equifax, Inc.; Experian Information | ) | |
| Solutions, Inc.; Trans Union, LLC; | ) | ECF Case |
| Bilateral Credit Corp, LLC; Hahnemann | ) | |
| University Hospital; Central Financial | ) | |
| Control; and Comcast Cable, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**EXPERIAN INFORMATION SOLUTIONS, INC.'S REVISED FIRST SET OF**
**INTERROGATORIES TO PLAINTIFF**
_____

Briana Hulet
JONES DAY
222 E. 41 St.
New York, NY 10017
Telephone:    (212)326-3939
Facsimile:    (212)755-7306
Attorneys for Defendant
Experian Information Solutions, Inc.

Experian Information Solutions, Inc. ("Experian"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby serves upon Plaintiff Keisha Jones the following interrogatories, which must be answered by Plaintiff separately and fully in writing, under oath, within thirty days.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's interrogatories:

1.      "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

2.      The word "Person" means any natural or artificial person, including business entities and other legal entities.

3.      "Experian" refers to Experian Information Solutions, Inc., an Ohio corporation with its principal place of business located in Orange, California.

4.      "Plaintiff" refers to the person named above to whom these interrogatories are directed and any of Plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of the Plaintiff.

5.      "Complaint" refers to the Complaint filed by Plaintiff Keisha Jones on or about March 7, 2012.

6.      "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681u.

7.    "Plaintiff's Credit Report" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to third parties as referred to in Plaintiff's Complaint.

8.    "Plaintiff's Credit Disclosure" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff.

9.    "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

10.    The use of the word "including" shall be construed to mean "without limitation."

11.    Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

12.    "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

13.    To "state the basis" means to provide the complete factual summary of each element of the claim, allegation, or denial.  The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation, or denial.

14.    "Identify" or "describe" means the following:

      a.    When used in connection with natural persons, "identify" or "describe" means to state the person's full name, present business address and telephone number, present home address, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was

- 2 -

discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

b.   When used in connection with an entity, "identify" or "describe" means to state the entity's full name, last known address(es), telephone number, and organization form (*e.g.*, corporation, sole proprietorship, partnership, joint venture, etc.).

c.   When used in connection with an act, "identify" or "describe" means to provide a description of the act, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act.

d.   When used in connection with documents, "identify" or "describe" means to state the nature of the document (*e.g.*, memorandum, letter, notes, etc.), its author(s), its addressee(s) or recipient(s), its title or subject matter, and a date. If the document has already been produced, it can be identified by the number given to it at the time of production. If the document has not been previously produced, then Experian requests that it be produced, pursuant to Fed. R. Civ. P. 34, along with Plaintiff's response to these interrogatories.

e.   When used in connection with an oral communication, "identify" or "describe" means to state the time, date, place, and means of the oral communication (*e.g.*, telephone, personal meeting, etc.), the identity of all persons participating in the oral communication, the identity of persons hearing the oral communication, and a detailed description of the oral communication.

15.   In answering these interrogatories, Plaintiff shall furnish all information known or available. If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible.

16.   In the event you assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the interrogatory, the balance of the interrogatory should be answered in full.

## INTERROGATORIES

INTERROGATORY NO. 1:

Identify Plaintiff, including Plaintiff's full name, any nicknames or other names, including maiden name or aliases, Social Security numbers, Plaintiff's work history, including Plaintiff's present occupation and business address, Plaintiff's total income for each of the past seven years, including all sources of this income, and the amount of income derived from each source, and every address Plaintiff has had for the past seven years.

INTERROGATORY NO. 2:

Identify all other lawsuits in which the Plaintiff is or was a party, including for each suit the case number, the name of the Court, the style of the case, the subject matter of the case, the amount in controversy, the Court's holding, if any, and the amount of damages awarded or the terms of any settlement.

INTERROGATORY NO. 3:

Describe any criminal record of Plaintiff; including whether Plaintiff has ever been convicted of a crime or has pleaded guilty or nolo contendere to a crime, and if so, the date of each conviction or plea, the name of the court, the crime involved, and the prison or jail, if any, where incarcerated.

INTERROGATORY NO. 4:

Identify every application for credit or insurance made on behalf of Plaintiff during the past seven years, including whether the application was granted or denied.

- 4 -

INTERROGATORY NO. 5:

For each denial of credit or insurance during the past seven years, describe the denial, *e.g.*, whether oral or written, and the reasons given for the denial, any dispute related to the denial, etc.

INTERROGATORY NO. 6:

For each application of credit or insurance granted during the past seven years, describe the credit or insurance obtained, *e.g.*, the creditor 'insurer, account number, repayment terms, etc.

INTERROGATORY NO. 7:

Identify each person whom you expect to call as an expert witness at trial.

INTERROGATORY NO. 8:

State the basis for the allegations in Paragraph 61 of Plaintiffs' Amended Complaint wherein Plaintiff alleges "Experian is matching or verifying my identifying information (name, DOB and/or SSN) with third parties such as utility and/or cable TV companies, a service it provides to clients. Companies contract with CRAs to verify that a person is "real" based on any combination of a person's name, DOB and/or SSN. This is how the CRAs circumvent the law, while still collecting a fee."

INTERROGATORY NO. 9:

State the basis for Plaintiff's allegation that Experian violated the FCRA and for each such basis, identify the section of the FCRA that Plaintiff contends Experian violated.

INTERROGATORY NO. 10:

State the basis for Plaintiff's allegation that Experian did not maintain reasonable procedures designed to assure the maximum possible accuracy of the information concerning Plaintiff.

INTERROGATORY NO. 11:

State the basis for Plaintiff's allegation that Experian's alleged violations of the FCRA were willful.

INTERROGATORY NO. 12:

State the basis for Plaintiff's assertion that Experian acted with malice toward Plaintiff.

INTERROGATORY NO. 13:

List every entry on Plaintiff's Credit Report or Plaintiff's Credit Disclosure which Plaintiff contends is inaccurate and/or incomplete, stating with specificity the reasons why each such entry is inaccurate and/or incomplete.

INTERROGATORY NO. 14:

State the basis for Plaintiff's allegation that Experian refused to include Plaintiff's written summary of her dispute over the accuracy of information in Plaintiff's Experian file.

INTERROGATORY NO. 15:

State the basis for Plaintiff's allegation that, at the time Plaintiff's Credit Report was furnished to "questionable and unauthorized third parties," Experian did not have reasonable grounds to believe that any alleged party would use Plaintiff's Credit Report for permissible purposes under the FCRA.

INTERROGATORY NO. 16:

State the basis for Plaintiff's allegation that Experian furnished Plaintiff's Credit Report to any third party for impermissible purposes under the FCRA.

INTERROGATORY NO. 17:

State the basis for Plaintiff's allegation that Experian did not maintain reasonable procedures to avoid furnishing credit reports for impermissible purposes under the FCRA.

INTERROGATORY NO. 18:

Describe all notices, whether oral or in writing, made by Plaintiff to Experian in which Plaintiff disputed the accuracy or completeness of Plaintiffs' Credit Report or Plaintiffs' Credit Disclosure.

INTERROGATORY NO. 19:

State the basis for Plaintiff's allegation that Experian did not clearly and accurately disclose to Plaintiff the nature and substance of all information in Experian's file on Plaintiff's credit history in response to Plaintiff's request for such information.

INTERROGATORY NO. 20:

State the basis for Plaintiff's allegation that Experian did not clearly and accurately disclose to Plaintiff the Persons to whom Plaintiff's Credit Report had been furnished within the preceding two years for employment purposes or within the preceding six months for any other purposes.

INTERROGATORY NO. 21:

State all facts which relate to whether Experian provided trained personnel to explain to Plaintiff the disclosures required by the FCRA.

INTERROGATORY NO. 22:

Describe all actual damages suffered by Plaintiff as a result of the alleged actions of Experian, including the nature of each item of damage, the amount of each item of damage, the date each item of damage was incurred, the amount of compensation Plaintiff alleges entitlement to from the loss, how the figures used in compensating the value of each item of damage were computed, and all facts which form the basis of Plaintiff's contention that Experian's acts or omissions proximately caused the item of damage.

INTERROGATORY NO. 23:

Describe all humiliation, embarrassment and mental or emotional distress or similar type injury suffered by Plaintiff as a result of Experian's actions, including all manifestations of such mental states and any medical treatment received as a result thereof.

INTERROGATORY NO. 24:

Identify all Persons, including, but not limited to, all medical professionals, having

knowledge of Plaintiff's humiliation, embarrassment and mental or emotional distress or

similar type of injury of which Plaintiff complains.

INTERROGATORY NO. 25:

For each of your responses to Experian's Requests for Admission (served

concurrently herewith) which is not an unqualified admission, state the basis for your

denial of the fact(s) stated in each Request.

Dated: September 4, 2012                    Respectfully submitted,


                                            /s/Briana Hulet
                                            Briana Hulet
                                            JONES DAY
                                            222 E. 41 St.
                                            New York, NY 10017
                                            Telephone:   (212)326-3939
                                            Facsimile:   (212)755-7306
                                            Attorneys for Defendant
                                            Experian Information Solutions, Inc.

NYI-4462614v2