# Reply Strazzeri Declaration Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

**KEISHA JONES,**                                               11 CV 9136 (CM) (KNF)

          **Plaintiff,**                        **PLAINTIFF'S SECOND**
                                                           **SUPPLEMENTAL**
        -against-                      **RESPONSE TO**
                                                            **EXPERIAN'S FIRST**
**EQUIFAX, INC.**                                 **REQUEST FOR**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**    **ADMISSIONS**
**TRANS UNION, LLC**
**BILATERAL CREDIT CORP, LLC**
**HAHNEMANN UNIVERSTIY HOSPTIAL**
**COMCAST CABLE**

          **Defendants**

-----------------------------------------------------------------x

       The plaintiff, **KEISHA JONES**, by her attorneys, Fishman & Mallon, LLP, pursuant to the Federal Rules of Civil Procedure, hereby responds to EXPERIAN'S First Request to Admit as follows:

## GENERAL OBJECTIONS

       The plaintiff makes the following general responses and recurring objections to the defendant's document requests.  The recurring objections set forth below are incorporated into each of the plaintiffs' responses to the defendant's document requests.

       1.  The plaintiff objects to the defendant's requests to the extent they are vague, overly broad and unduly burdensome.

       2.  The plaintiff objects to the defendant's requests to the extent that they impose obligations on her beyond those imposed or authorized by the FRCP.

       3.  The plaintiff objects to the defendant's requests to the extent that they require the

plaintiff to disclose evidentiary material or other information beyond the scope of discovery under the FRCP.

 4. The plaintiff objects to the defendant's requests to the extent they seek the disclosure of materials or information protected from discovery by the attorney-client privilege, the work product doctrine and/or any other applicable privileges or exemptions from disclosure.  In responding to defendant's requests, the plaintiff will interpret each item as not seeking any material protected from disclosure by any such privilege or exemption.

 5. The plaintiff objects to the defendant's requests to the extent they purport to require them to provide documents and/or information that (I) are not within his possession, custody or control (ii) that are in the possession of the defendant, the defendant's counsel, or any other entity or person not a party to this litigation or (iii) that are in the public domain.

 6. The plaintiff's general objections as set forth above are based upon information presently known to her.  The plaintiff reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to her attention, to assert additional objections or supplemental responses should she discover that there is information or grounds for objections, and to supplement or amend these responses at any time.  The plaintiff also reserves the right to object to the further disclosure of any document and/or information.

 7. These general objections shall be deemed continuing as to each request, incorporated in response to each request whether or not specifically stated in response to each request, and are not waived or in any way limited to the following responses. The plaintiff also reserves the right to object to the further disclosure of any document and/or information.

 8. The plaintiff objects to the defendant's requests to the extent they violate the Local

Rules of the Southern District of New York.

**REQUESTS**

REQUEST NO. 1:
Admit that Experian followed reasonable procedures to ensure maximum possible accuracy of the information Experian reported with respect to Plaintiff.

RESPONSE:

Deny.

REQUEST NO. 2:
Admit that Plaintiff was not damaged as a result of any act or omission on the part of Experian.

RESPONSE:

Deny.

REQUEST NO. 3:
Admit that Plaintiff was not denied credit as a result of the information Experian reported with respect to Plaintiff.

RESPONSE:

Admit.

REQUEST NO. 4:
Admit that Plaintiff has not suffered any emotional distress, humiliation or mental anguish as a result of Experian's conduct in this action.

RESPONSE:

Deny.

REQUEST NO. 5:
Admit that Plaintiff has not suffered any out-of-pocket loss as a result of any inaccurate information Experian has reported with respect to Plaintiff.

RESPONSE:

Deny.

REQUEST NO. 6:
Admit that Plaintiff did not provide Experian with a copy of the police report that was filed regarding the alleged identity theft.

3

RESPONSE:

Admit that plaintiff did not provide a copy of the police report to Experian within the context of her disputes of fraudulent information appearing on her credit reports. The plaintiff believes she sent a copy of the police report to Experian when she placed a security freeze on her Experian in or around November 2006.

REQUEST NO. 7:
Admit that Experian has never published Plaintiff's credit information without a permissible purpose, as defined under 15 U.S.C. § 1681b.

RESPONSE:

Deny.

REQUEST NO. 8:
Admit that Experian has never failed to provide Plaintiff with a copy of Plaintiff's credit disclosure in response to any request by Plaintiff.

RESPONSE:

Deny.


REQUEST NO. 9:
Admit that Experian has always notified Plaintiff of the results of its reinvestigation of Plaintiff's credit information within thirty days of receipt of each dispute from Plaintiff.

RESPONSE:

Deny.

Dated: New York, NY
     January 9, 2013                     /s/
                                          Kevin Mallon
                                          FISHMAN & MALLON, LLP
                                          305 Broadway, Suite 900
                                          New York, NY  10007
                                          (212) 897-5840
                                          (212) 897-5841 (fax)

**VERIFICATION**
**JONES V. EQUIFAX** *et al.*
**11 CV 9136 (CM) (KNF)**

I, KEISHA JONES, declare:

I am a Plaintiff in this action. I have read

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO EXPERIAN'S FIRST SET OF INTERROGATORIES

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO EXPERIAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSE TO EXPERIAN'S REQUEST FOR ADMISSIONS

and I know the contents thereof.

I certify that the aforesaid responses are true and correct based on information available to me.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed on this 9th day of January 2013, New York, NY

_____
KEISHA JONES